# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNITED STATES OF AMERICA**,

               Plaintiff,

**v.**

**EULIS E. ALLEN,**

               Defendant.

**Case No. 2:16-CR-169**

**Judge Graham**

## OPINION AND ORDER

This matter is before the Court on Defendant Eulis E. Allen's motion for compassionate release, Doc. 88, and amended motion for compassionate release, Doc. 89. On February 27, 2017, Defendant was convicted of conspiracy to distribute and possession with intent to distribute over 100 grams of heroine and sentenced to 168 months imprisonment and 5 years of supervised release. Doc. 58.

## I.

Courts may modify a sentence only when authorized by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). One source of such authorization is 18 U.S.C. § 3582(c)(1), commonly referred to as compassionate release. Compassionate release is appropriate when the court finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). The court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A). If, after weighing the § 3553(a) factors, the court decides the motion is well taken, the court "may reduce the term of imprisonment . . . ." *Id.* The grant of compassionate release is at the discretion of the court. *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

## II.

### A.

Defendant asserts the "primary factor" establishing extraordinary and compelling reason for compassionate release is an intervening change in Sixth Circuit caselaw. Doc. 89 at 1. At the time of sentencing, the Court classified Defendant as a career offender based on two prior convictions: a 1996 Ohio conviction for aggravated trafficking and a 2006 federal conviction for distributing five grams or more of cocaine base. *See* Sentencing Transcript 10:15-21. This conclusion was mandated by *United States v. Evans*, which found that Ohio's aggravated trafficking charge is a controlled substance offense under the Guidelines. 699 F.3d 858, 867 (6th Cir. 2012). The Sixth Circuit has since reversed course and found that such charges are not controlled substance offenses for purposes of calculating a career offender designation. *United States v. Palos*, 978 F.3d 373 (6th Cir. 2020).

The result of this change in law is substantial. Application of the career offender enhancement increased Defendant's adjusted offense level from 26 to 37 and his criminal history category from III to VI. After a three-level reduction for acceptance of responsibility and a four-level downward departure, Defendant had a guideline range of 168 to 210 months. The Court imposed a low-end Guideline sentence of 168 months. Defendant asserts that if sentenced under current law, his Guideline range would be 57 to 81 months.[1] Doc. 89 at 4.

The Sixth Circuit has categorically foreclosed Defendant's attempt to premise compassionate release on a change in law. In an en banc decision, it held that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." *United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022). Defendant invites the Court to ignore this binding authority, asserting that *McCall* "runs contrary to 28 U.S.C. § 994(t) and the Supreme Court's decision in *Concepcion v. United States*, 142 S.Ct. 2389, 213 L. Ed. 2d 731 (2022), and must be overturned." Doc. 89 at 4. The Court declines Defendant's invitation.

First, § 994(t) instructs that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Defendant argues that because Congress included only one exclusion, it must have intended no other categorical exclusion. Doc. 89 at 19. The Sixth

---

[1] Defendant appears to estimate his Guideline range by crediting a three-level reduction for acceptance of responsibility from his adjusted offense level without a career offender enhancement (level 26 to level 23) and assuming that the government would not again file a motion for downward departure. As his criminal history category absent the career offender enhancement is III, he would have a Guideline range of 57-71 months, not 57-81 months.

Circuit in *McCall* rejected this argument, finding that the statutory requirement of "extraordinary and compelling" reason reflects an exclusion of anything ordinary, such as new statutes and caselaw that have no retroactive effect. 56 F.4th at 1063. This conclusion does not plainly run contrary to § 994(t).

Second, the Sixth Circuit decided *McCall* in full consideration and recognition of *Concepcion*. In *Concepcion*, the Supreme Court found that a district court may consider intervening changes of law or fact in deciding whether and how much to reduce a sentence. 142 S. Ct. at 2404. The Sixth Circuit recognized that *Concepcion* did not involve a motion for compassionate release and "said nothing about the threshold question [in compassionate release motions] of whether any given prisoner has established an extraordinary and compelling reason for release." *McCall*, 56 F.4th at 1061 (internal quotation marks and citations omitted). The *Concepcion* decision therefore does not prohibit the Sixth Circuit from concluding that nonretroactive changes in law are not extraordinary and compelling reason for a sentence reduction.

Defendant asks that if the Court finds *McCall* controlling, it stay his motion until proposed sentencing guideline amendments, which he hopes will produce a favorable change in the compassionate release analysis, are effective. The Court declines to do so. Defendant may file another motion for compassionate release when he feels is appropriate.

**B.**

Defendant argues that other factors constitute extraordinary and compelling reasons for a sentence reduction. Doc. 89 at 27. The Court has reviewed the evidence Defendant submitted and acknowledges his achievements while institutionalized. He has completed at least 25 education courses on subjects ranging from small business to electrical safety and protection. Doc. 89-3 at 1. He has had no incident reports in the last six months and is currently employed as an orderly. *Id.* The steps Defendant has taken to improve himself are commendable, but do not alone constitute extraordinary and compelling reason for a reduction of sentence.

The only other factor raised by Defendant is his health. He asserts that he has "a heightened risk factor of severe symptoms or death, due to [his] identified health conditions, in the event that [he] contract COVID-19 again." Doc. 89-5 at 1. As an initial matter, the medical records Defendant provided do not plainly identify a health condition which makes him vulnerable to COVID-19. *See* Doc. 89-6. More importantly, prisoners who have contracted COVID-19 and recovered cannot

ordinarily rely on COVID-19 to establish an extraordinary and compelling basis for compassionate release. *United States v. Champion*, No. 1:13-CR-25(4), 2022 WL 769870, at *3 (S.D. Ohio Mar. 14, 2022) (citing *United States v. Mackety*, 854 F. App'x 36, 38-39 (6th Cir. 2021)).

In sum, the Court finds that Defendant has not established factors which individually or collectively show extraordinary and compelling reasons for a reduction of sentence. The Court does not reach whether the § 3553(a) factors favor a reduction.

### III.

For the above reasons, Defendant's motion for compassionate release, Doc. 88, and amended motion for compassionate release, Doc. 89, are **DENIED**. This conclusion reflects the current state of compassionate release law in the Sixth Circuit. As Defendant noted, compassionate release law may be changing. The Court encourages Defendant to file another motion for compassionate release when/if there is a favorable change to compassionate release law.


IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 18, 2023

4