**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | **Case No. 2:16-CR-169** |
| Plaintiff, | |
| **v.** | **Judge Graham** |
| **EULIS E. ALLEN,** | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Eulis E. Allen's Motion for Compassionate Release. (ECF No. 93). On February 27, 2017, Defendant was convicted of conspiracy to distribute and possession with intent to distribute over 100 grams of heroin and sentenced to 168 months imprisonment and 5 years of supervised release. (ECF No 58). This Court denied a prior motion (ECF. No. 88) and amended motion (ECF No. 89) for compassionate release on May 18, 2023 (ECF No. 92). The Court encouraged Defendant to file another motion for compassionate release if/when there is a favorable change to compassionate release law. (ECF No. 92 at 4). The United States of America subsequently filed a response (ECF No. 94) to Defendant's current motion for compassionate release, urging the court to deny the motion.

### I.

Courts may modify a sentence only when authorized by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). One source of such authorization is 18 U.S.C. § 3582(c)(1), commonly referred to as compassionate release. Compassionate release is appropriate when the court finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). District courts also determine whether the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A). If, after weighing the §

1

3553(a) factors, the court decides the motion is well taken, the court "may reduce the term of imprisonment . . . ." *Id.*

**II.**

Defendant brings this renewed motion for compassionate release. In doing so, he references the November 1, 2023 Amendments to the U.S. Sentencing Guideline's Policy Statements (ECF No. 93 at 12-13). Defendant asserts that "extraordinary and compelling" reasons exist to reduce his sentence to time served or within a guideline range that would have applied without the Career Offender Enhancement (*Id.* at 16).

**A. Medical Circumstances of Defendant**

First, Defendant asserts that his health, age and medical conditions "come close" to meeting the definitions set forth in U.S.S.G. 1B1.13(b)(1) and (b)(2). Under the November 1, 2023 Amendments, the circumstances that may be considered extraordinary and compelling reasons include: a terminal illness; a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility…; and a medical condition that requires long-term or specialized medical care that is not being provided…(*Id.*).

Currently, Defendant is receiving care for diabetes, is obese and has been prescribed a C-PAP machine for breathing and sleep apnea (ECF No. 93 at 16). By Defendant's own admission, he does not meet the definitions provided in the amendments. (*Id.*). Instead, Defendant argues that when viewed in "totality," his conditions "come close" and are similar in gravity to those listed in the definitions (*Id.*). After reviewing the evidence, the Court is not convinced that the Defendant's medical conditions rise to the level of extraordinary and compelling. He is not suffering from a terminal illness. While diabetes and sleep apnea are conditions that need to be treated, Defendant fails to provide any evidence that he is unable to provide self-care or that these medical conditions are not being properly treated at the correctional facility.

**B. Age of Defendant**

Next, Defendant argues that his advanced age has led to a serious deterioration in his physical health. Again, Defendant admits that he does not meet the requirements outlined in the Amendments which require the defendant to be (1) at least 65 years old and (2) experiencing a decline in health due to the aging process. U.S.S.G. 1B1.13(b)(2) ("Age of the Defendant"). The Court also finds this argument to be unconvincing. Individuals of all ages can be diagnosed with

2

diabetes or sleep apnea. Defendant is only 53 years old and has failed to provide evidence that his medical conditions are the result of the aging process.

## C. Family Circumstances of Defendant

Defendant then turns to the health of his mother and sister. Under U.S.S.G 1B1.13(b)(3) ("Family Circumstances of Defendant"), certain family circumstances are now defined as "extraordinary and compelling" reasons to grant compassionate release. These circumstances include: (A) the death or incapacitation of the caregiver of the defendant's minor child or a child over the age of eighteen who can no longer care for themselves; (B) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caretaker; (C) the incapacitation of the defendant's parent when the defendant would be the only available caretaker; and (D) the defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant (*Id.*).

Defendant once again admits that he does not precisely meet the definitions (ECF No. 93 at 17). Defendant's Mother, who is 70 years old, is currently the primary caretaker for his sister who has cancer and has undergone twelve surgeries in the past three years (*Id.*). While the Court is sympathetic to the Defendant's family members, he has failed to meet the definitions outlined in the guidelines. Defendant has not provided evidence that his mother is incapacitated and unable to care for his sister. Instead, Defendant bases his argument on hypotheticals as to what may happen as his mother continues to age (*Id.*). The Court is not convinced by these arguments as the record does not show that Defendant's mother is currently unfit to take care of his sister.

## D. Unusually Long Sentence

Next, Defendant argues that his unusually long sentence under U.S.S.G 1B1.13(b)(6) rises to the level of an extraordinary and compelling reason (ECF No. 93 at 17-18). According to the definition, "if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in law may be considered…" U.S.S.G 1B1.13(B)(6). Once again, Defendant acknowledges that he does not meet the threshold requirement as he has only

3

served approximately 7.5 years of his sentence. Since Defendant has not served at least 10 years of his sentence, the Court cannot grant relief based on this argument.

### E. Totality of Circumstances Based on Other Reasons

Defendant next asks the Court to grant relief based on the totality of his circumstances which he believes, under U.S.S.G. 1B1.13(b)(5), are similar in gravity to the definitions under U.S.S.G. 1B1.13(b)(1) through (b)(4) (ECF No. 93 at 18-19). Defendant correctly states that under U.S.S.G. 1B1.13(b)(5), the Court is entitled to grant relief based on "any other circumstance or combination of circumstances." Despite correctly stating the definition, Defendant does nothing more than list his prior arguments and fails to show how they qualify as "extraordinary and compelling" when viewed in totality.

### F. Intervening Case Law

Next, Defendant asserts that an intervening change in Sixth Circuit case law, which would no longer classify him as a career offender, is another extraordinary and compelling reason for compassionate release (ECF No. 93 at 19). Defendant previously made the same argument in his prior Motion for Compassionate Release (ECF No. 89 at1). As stated in the prior order denying Defendant's Motion for Compassionate Release, the Sixth Circuit has categorically foreclosed Defendant's attempt to premise compassionate release on a change in law. In an en banc decision, it held that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." *United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022). Since Defendant fails to make a new or compelling argument on this change in case law, the Court finds that it does not rise to the level of extraordinary or compelling.

### G. Defendant's Post-Sentencing Conduct

Lastly, Defendant points to his remorse, rehabilitation, education and conduct while incarcerated (ECF No. 93 at 24). Just as he did in his previous Motion for Compassionate Release, Defendant highlights his achievements while incarcerated, which include completing various courses, maintaining employment, and mentoring other inmates (*Id.* at 25). Defendant also describes a "paradigm shift" in his attitude (*Id.* at 25-26).

The Court has reviewed the evidence Defendant submitted and acknowledges his achievements while institutionalized. While the steps Defendant has taken to improve himself are commendable, they do not a constitute extraordinary and compelling reason for a reduction of sentence, even when viewed in totality with the other circumstances referenced in Defendant's

Motion. Finally, the Defendant's relatively young age, serious criminal history, seriousness of the underlying defense, likelihood of recidivism and safety of the public militate against the granting of this motion.

In sum, the Court finds that Defendant has not established factors which individually or collectively show extraordinary and compelling reasons for a reduction of sentence.

### III.

For the above reasons, Defendant's motion for compassionate release, ECF No. 93, is **DENIED**.

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 3, 2024